


U. S. DEPARTMENT OF JUSTICE

SHARON L. POTTER
United States Attorney
Northern District of West Virginia

---

| | |
|---|---|
| 1125 Chapline Street | Phone: (304) 234-0100 |
| P.O. Box 591 | Fax: (304) 234-0112 |
| Wheeling, WV 26003 | |

February 13, 2007

**VIA E-MAIL TRANSMISSION & U.S. MAIL**
Harry Smith, Esquire
Jory & Smith
P.O. Box 1909
Elkins, WV 26241
**smith@jorysmith.com**

In re: United States v. Mountaineer Data Processing, and Billing, Inc.

Dear Mr. Smith:

      This will confirm conversations with you concerning your client, Mountaineer Data Processing, and Billing, Inc. (hereinafter referred to as MDP). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

      It is agreed between the United States and your client as follows:

      1.   MDP hereby waives its right to have its case presented to a Grand Jury and will plead guilty to a one-count Information to be filed in this district charging MDP with knowingly and willfully executing a scheme or artifice to defraud Medicaid, a health care benefit programs, by submitting claims for two distinct ambulance transport services when only one ambulance transport service was rendered, in violation of Title 18, United States Code, Section 1347. A copy of the proposed Information is attached to this Agreement.

      2.   MDP hereby also waives any right it has or may have to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of any Guidelines provisions and consents to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. MDP further agrees that the United States District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard. MDP agrees that by signing this Plea Agreement MDP waives any right

_____, President      _2/19/07_____
Mountaineer Data Processing, and Billing, Inc.    Date Signed

_____                  _2/19/07_____
Harry Smith, Esquire                            Date Signed
Counsel for MDP

Harry Smith, Esquire
February 13, 2007
Page 2

to a jury determination of sentencing factors that it has or may have pursuant to the Sixth Amendment to the Constitution of the United States of America.

3. The maximum penalty to which MDP will be exposed by virtue of this plea of guilty to the one-count Information, as provided in Paragraph 1 above, would be a fine of $500,000.00 or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from MDP's conduct, whichever is greater, a term of probation of five years, a mandatory special assessment of $400.00 pursuant to 18 U.S.C. § 3013(a)(2)(B) and an order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664 or as otherwise set forth in this Plea Agreement. Any special assessment imposed must be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court.

4. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should or will be. This Agreement includes nonbinding sentencing recommendations by the United States, pursuant to Rule 11(c)(1)(B). However, MDP has been advised that the Court is not bound by these sentencing recommendations, and that the MDP has no right to withdraw its guilty plea if the Court does not follow the sentencing recommendations set forth in this Plea Agreement.

5. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total relevant conduct (i.e. the monetary loss to the victim, the Medicaid Program) attributable to MDP is at least $200,000.00 but less than $400,000.00. This relevant conduct is based upon data obtained from the West Virginia Bureau for Medical Services, an analysis by investigating agents and a health care fraud auditor working for the U.S. Attorney's Office and other information obtained during the course of the investigation.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the foregoing stipulation and is not required to accept same. Should the Court not accept the foregoing relevant conduct stipulation, MDP will not have the right to withdraw its plea of guilty to the Information.

6. MDP shall pay restitution in the amount of $353,443.00 for the monetary loss to the Medicaid Program attributable to the corporation's criminal conduct. MDP further agrees that the payment of said restitution may be made a provision of the Judgment and Commitment Order entered by the Court. MDP agrees that, pursuant to 18 U.S.C. § 3613, any criminal monetary penalty imposed by the Court shall be due and payable immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. MDP also agrees to fully assist the United States and the U.S. Probation Office in identifying and locating any assets that may

_____, President                    2/19/07
Mountaineer Data Processing, and Billing, Inc.        Date Signed

_____                               2/19/07
Harry Smith, Esquire                                  Date Signed
Counsel for MDP

Harry Smith, Esquire
February 13, 2007
Page 3

be liquidated to satisfy any restitution obligation imposed by the Court and agrees to participate in one or more presentence debtor examinations to be conducted by the United States under oath and before a court reporter. MDP also agrees to fully complete and execute a sworn financial statement and one or more authorizations to release financial information on forms supplied by the united States and agrees to return the completed financial statement and authorization to the United States within seven days of the date on which this Plea Agreement is fully executed. MDP agrees that it shall not transfer, encumber or otherwise dispose of any real or personal property currently owned by MDP or in which MDP has any interest without the written consent of the United States Attorney's Office. MDP agrees to fully cooperate in the liquidation of any an all assets that may be used to satisfy the restitution obligation imposed by the Court and to execute any and all documents necessary to transfer or liquidate and such asset. MDP waives any right to any and all exemptions under the Federal Debt Collection Procedures Act. The defendant acknowledges and agrees that if the Court imposes a payment schedule for the payment of criminal monetary penalties, the payment schedule shall be the minimum payment obligation and shall not be the only method or a limitation on the methods available to the United States to enforce the criminal monetary penalty judgment.

7. Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. In exchange for the concessions made by the United States in this Plea Agreement, MDP knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever. MDP also waives any right it may have to challenge the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. If the minimum fine imposed is $32,500.00 or greater, then the United States waives its right to appeal the sentence. The parties have the right during any appeal to argue in support of the sentence imposed.

8. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding MDP's background, criminal record, the offense charged in the information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court

_____, President          2/19/07
Mountaineer Data Processing, and Billing, Inc.    Date Signed

_____                      2/19/07
Harry Smith, Esquire                          Date Signed
Counsel for MDP

Harry Smith, Esquire
February 13, 2007
Page 4

by MDP or its counsel.

    9.    If MDP's plea is not accepted by the Court or is later set aside or if MDP breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

    10.    The above nine (9) paragraphs constitute the entire agreement between MDP and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this Agreement.

Very truly yours,

SHARON L. POTTER
United States Attorney

by: _____
Alan G. McGonigal
Assistant United States Attorney

AGM/

As evidenced by my signature at the bottom of the four (4) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____ President
Mountaineer Data Processing, and Billing, Inc.

Date Signed  2/19/07

_____
Harry Smith, Esquire
Counsel for MDP

Date Signed  2/19/07