**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v.  Criminal Case No: 1:07cr24

MOUNTAINEER DATA PROCESSING
AND BILLING, INC.,

        Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned United States Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Mountaineer Data Processing and Billing, Inc., ("MDP") appeared before me through its president and authorized corporate representative, Kimberly Ann Ayers, and by its counsel, Harry Smith, on April 17, 2007. The Government appeared by Randolph J. Bernard, Assistant United States Attorney.

Kimberly Ann Ayers was sworn to testify by the Clerk.

The court began the proceeding by inquiring of Kimberly Ayers, under oath, whether she was, in fact, authorized to enter into the written plea bargain agreement and enter a plea of guilty on behalf of MDP. Ms. Ayers testified that she was authorized, as President of MDP to enter into the written plea bargain agreement and to enter a plea of guilty on behalf of MDP. Although no corporate resolutions were presented, Ms. Ayers testified: she was a 50% owner of MDP; she and the other 50% shareholder of MDP, her ex-husband, had discussed the plea bargain agreement and

the entry of a plea of guilty on behalf of MDP; her ex-husband was aware that the corporate assets of MDP would be subject to forfeiture or liquidation to satisfy any judgment of restitution and fine that the Court might impose; her ex-husband was in agreement with her execution of the plea bargain agreement in behalf of MDP and her ex-husband was in agreement with the corporation, MDP entering a plea of guilty to the one count information.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking MDP's counsel what MDP's anticipated plea would be. Counsel responded that MDP, through its President, Kimberly Ayers, would enter a plea of "Guilty" to a one-count Information.[1] The Court then determined that MDP's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for MDP stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court thereafter inquired of Ms. Ayers as to her understanding of MDP's right to have an Article III Judge hear its plea and its willingness to waive that right, and instead have a Magistrate Judge hear its plea. Ms. Ayers stated in open court that MDP voluntarily waived its right to have an Article III Judge hear its plea and voluntarily consented to the undersigned Magistrate Judge hearing its plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Ms. Ayers for MDP and countersigned by MDP's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

---

[1] During the hearing it became apparent that there was a scrivener's error in the Information regarding MDP. The Information was amended to read that the offenses that formed the basis of the charge occurred from "in or about November of 1999 to in or about June of 2004."

Upon consideration of the sworn testimony of Ms. Ayers, as well as the representations of MDP's counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Ms. Ayers on behalf of MDP, only after having had its rights fully explained to and having a full understanding of those rights through consultation with counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Ms. Ayers on behalf of MDP thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of MDP's agreement with the Government and no promises or representations were made to MDP by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Ms. Ayers relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated February 13, 2007, and signed by her on February 19, 2007, as President of and on behalf of MDP, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary.

The undersigned Magistrate Judge inquired of Ms. Ayers and MDP's counsel relative to MDP's knowledge and understanding of its Constitutional right to proceed by Indictment and the voluntariness of its Consent to Proceed by Information and of its Waiver of its right to proceed by Indictment, to which Ms. Ayers and her counsel verbally acknowledged their understanding and Ms. Ayers, under oath, acknowledged MDP's voluntary waiver of its right to proceed by Indictment and

its agreement to voluntarily proceed by Information. Ms. Ayers, on behalf of MDP and her counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Amended Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Ms. Ayers, MDP's counsel and the Government as to the non-binding recommendations in the written plea bargain agreement and determined that MDP understood, with respect to the plea bargain agreement and to MDP's entry of a plea of guilty to the felony charge contained in the Amended Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

Counsel for the government and counsel for Defendant then advised the Court that one of the government's recommendations had been inadvertently omitted from the written plea bargain agreement, and that the government had also agreed to recommend any fine be at the lower range of the guidelines. Both parties acknowledged that this recommendation also was not binding on the court.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total relevant conduct (i.e., the monetary loss to the victim, the Medicaid Program) attributable to MDP is at least $200,000.00 but less than $400,000.00. This relevant conduct is based upon data obtained from the West Virginia Bureau for Medical Services, an analysis by investigating agents and a health care fraud auditor working for the U.S. Attorney's Office and other information obtained during the course of the investigation.

The undersigned then advised MDP, its counsel, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, MDP would not have the right to withdraw its plea of Guilty to the one-count Amended Information.

The undersigned Magistrate Judge further advised MDP, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected its plea of guilty, MDP would be permitted to withdraw its plea and proceed to trial. However, MDP was further advised if the District Court Judge accepted its plea of guilty to the felony charge contained in the one-count Amended Information, it would not be permitted to withdraw its guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced it to a sentence which was different from that which it expected. MDP and its counsel each acknowledged their understanding and MDP maintained its desire to enter a plea of guilty.

The Court confirmed that MDP had received and reviewed, through its President, Ms. Ayers, the one-count Amended Information in this matter with its attorney. The undersigned reviewed with the parties the penalties applicable to the felony charge contained in the Amended Information and the impact of the sentencing guidelines on sentencing in general. From said review the undersigned Magistrate Judge determined MDP understood the nature of the pending charges; understood that the maximum penalty which could be imposed on that charge was a fine of

$500,000.00 or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from MDP's conduct, whichever is greater, a term of probation of five years, a mandatory special assessment fo $400.00 pursuant to 18 U.S.C. § 3013(a)(2)(B) and an order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664 or as otherwise set forth in this Plea Agreement.  MDP also understood and agreed that any special assessment imposed must be paid before the date of sentencing by money order, or certified check made payable to the United States District Court.

The undersigned United States Magistrate Judge further reviewed with the parties and determined that MDP understood it would be required to pay restitution in the amount of $353,443.00 for the monetary loss to the Medicaid Program attributable to the corporation's criminal conduct.  MDP further agreed that the payment of said restitution may be made a provision of the Judgment and Commitment Order entered by the Court.  MDP also agreed that, pursuant to 18 U.S.C. § 3613, any criminal monetary penalty imposed by the Court would be due and payable immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613.  MDP also agreed to fully assist the United States and the United States Probation Office in identifying and locating any assets that might be liquidated to satisfy any restitution obligation imposed by the Court and agreed to participate in one or more presentence debtor examinations to be conducted by the United States under oath and before a court reporter.  MDP also agreed to fully complete and execute a sworn financial statement and one or more authorizations to release financial information on forms supplied by the United States and agreed to return the complete financial statement and authorization to the United States within 7 days of the date upon which the Plea agreement was fully executed.  MDP further greed that it would not transfer, encumber or otherwise dispose of any real or personal property currently owned by MDP or in which MDP has any interest

without the written consent of the United States Attorney's Office. MDP fully agreed to cooperate in the liquidation of any and all assets that may be used to satisfy the restitution obligation imposed by the court and to execute any and all documents necessary to transfer or liquidate any such asset. MDP waived its right to any and all exemption under the Federal Debt Collection Procedures Act. MDP acknowledged and agreed that if the Court imposed a payment schedule for the payment of criminal monetary penalties, the payment schedule shall be the minium payment obligation and shall not be the only method or a limitation on the methods available to the United States to enforce the criminal monetary penalty judgment.

The undersigned Magistrate Judge further examined Defendant with regard to its understanding of the impact of its waiver of its appeal rights as contained in the written plea agreement and determined MDP understood those rights and voluntarily gave them up under the conditions as stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned MDP concerning all matters mentioned in Rule 11.

The undersigned then reviewed with MDP the one-count Amended Information, including the elements the United States would have to prove at trial, charging it with knowingly and willfully executing a scheme or artifice to defraud Medicaid, a health care benefit program, by submitting claims for two distinct ambulance transport services when only one ambulance transport service was rendered, in violation of Title 18, United States Code, Section 1347.

The Court then heard the testimony of Maryanne Withrow as to the facts underlying the charges alleged in the one-count Amended Information. Ms. Withrow testified that she is a Special Agent with the United States Department of Health and Human Services, reporting to the Inspector

General. She was based out of Charleston, West Virginia, investigating fraud throughout the state of West Virginia. She was involved in the investigation of MDP and Kimberly Ayers during Spring 2004. The Medicaid office had discovered possible duplicate ambulance billings by MDP, showing identical billings with the exception that one billing for ambulance transport would say "Basic Life Support" and a second would say "Basic Life Support- Emergent." The investigation was referred to the Medicaid Fraud Unit and then assigned to Special Agent Withrow.

Special Agent Withrow determined that there were indeed two billings for one transport. MDP was a billing company which operated as the biller for ambulance companies. It received a percentage of the money insurers remitted to the ambulance companies. Once Special Agent Withrow determined there were double billings, she interviewed Kimberly Ayers, current and past employees, and reviewed documents from ambulance companies. She testified she reviewed "100's of billings." She did confirm that there had been double billings.

Special Agent Withrow testified that Kimberly Ayers was aware of the double billing and that she was aware that it was not correct. Special Agent Withrow also testified that Ayers had full control of the billing, including reviewing vouchers, and was totally responsible for the billing. In her position she also should have known about the double billing and that it was not correct. Special Agent ayers testified that she reviewed copies of handwritten manuals that advised on how to "split" codes for Medicaid billings. Her interviews indicated that from June 1999 to June 2004, everything had to be approved by Ayers. Ayers was President of the company which submitted the double billings, and concealed the fact that there were two bills for one transport.

Special Agent Withrow testified that the actual loss to the victim (State Medicaid) was $353,443.00, although MDP would not have received that amount, but only a percentage of that amount due to the double billing.

MDP, through its President, Kimberly Ayers, testified that it heard and understood Special Agent withrow's testimony and did not disagree with any of that testimony. Thereupon, Defendant, MDP, through its President Kimberly Ayers, and with the consent of its counsel, Harry Smith, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Amended Information.

Based upon the testimony of Special Agent Ayers, the undersigned United States Magistrate Judge finds there is an independent basis in fact for MDP's plea of Guilty to the one-count Amended Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood its right to have an Article III Judge hear its plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing its plea; Defendant knowingly and voluntarily waived its right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges; Defendant understood the consequences of its plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Special Agent withrow.

The undersigned United States Magistrate Judge therefore recommends MDP's plea of guilty to the felony charge contained in the one-count Amended Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Amended Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 18th day of April, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE